SAMUEL DAVIDSON, JOHN L. BURRT and others *v.* R. H. and J. G. ISHAM.

1. The machinery of a mill which adjoined private dwellings in a densely populated part of a city, was driven by a steam-engine. The complainants alleged that the lives of those residing in the neighborhood were exposed to the danger of the bursting of the boiler of the steam-engine; that the working of the steam-engine and machinery shook the adjacent houses, and particularly two of the houses owned *by one of the complainants;* that the business there carried on caused smoke, steam, vapor and unwholesome stenches, of a nauseous and disgusting character, rendering it uncomfortable to dwell in the vicinity. The defendants denied that their business as carried on was a nuisance, and alleged that the facts upon which the complainants rely had been submitted to the proper tribunal for trying issues of fact, and that the issue had been found in their favor.

2. *Held,* that the business being a lawful one, the question of nuisance is a matter of fact to be determined by the evidence. That upon conflicting testimony, this court would not interfere, where the question of fact had been previously submitted to a court of law, whose peculiar province it is to determine questions of law involved in the issue, and to guide and direct the jury to a proper result. That it is not necessary to constitute a nuisance that the smell should be unwholesome; it is enough if it render the enjoyment of life and property uncomfortable.

3. There is no objection to several complainants uniting in a bill if the nuisance is *common to all,* but they have no right to make a joint complaint for particular injuries confined to one or two of the complainants, as shaking, &c., the houses owned by *one of the complainants.* They cannot unite their distinct and individual causes of complaint and by their combination make a case of nuisance which separately would not establish the complaint.

4. But a bill may be filed by several complainants, where the matter complained of is *prima facie* a *common* nuisance, as a slaughter-house in a city.

5. There may be circumstances where even the noise of a steam-engine may become a *private* nuisance, and its use on that account be restrained by the court. But it would seem that the use of a steam-engine is not *prima facie* a nuisance, on account of its danger to life from explosion.

The bill was filed to restrain the defendants from carrying on a certain business at Jersey City, alleged to be a nuisance. An application was made for an injunction, and the Chan-

cellor ordered notice of the motion to be given to the defendants.

The defendants answered the bill. Affidavits to a large extent were taken by both parties, and read on the argument of the motion, which was heard at Newark, August 5th, 1852.

*Mr. A. Whitehead,* for the motion, cited *King* v. *White,* 1 *Burr.* 333; *Walter.* v. *Steele,* 4 *E. C. L. & E. R.* 15; *Catlin et al.* v *Valentine,* 9 *Paige* 575; *Rich* v. *Basterfield,* 61 *E. C. L. Rep.* 255; 2 *Bing. New Cases* 134; *Rex* v. *Cross,* 12 *Eng. C. L. Rep.* 226; *Earl of Ripon* v. *Hobart,* 8 *Con. En. Ch. R.* 331–469.

*Chapman* and *W. Rutherford, contra,* cited *Eden on Inj.* 259; 2 *Story's Eq. Jur.,* § 923; *People* v. *Cunningham,* 1 *Denio* 524, 3 *Black. Com.* 219; 19 *Johns.* 223; 8 *Cowen* 146; 17 *Conn.* 372; 10 *Alabama* 63.

THE CHANCELLOR. The complainants, by their bill, allege that they own and occupy dwellings in a densely populated portion of Jersey City; that within a few hundred yards of their residences, there is a five-story building, which the defendants are occupying as a mill, ostensibly for the sole purpose of burning and grinding coffee and spices, but in reality, for drying and grinding various kinds of drugs of a nauseous and offensive character, as well as for burning and grinding coffee, peas, various kinds of spices, and other substances. The bill alleges that the defendants have carried on this business since the month of December last, and charges that the same, as prosecuted, is a nuisance. The machinery of the mill is driven by a steam-engine, occupying a small building erected for the purpose, on the rear of the lot where the main building stands, the lot being one hundred feet deep and twenty-five feet in width. The complaint is that the lives of those residing in the neighborhood are exposed to the danger of the bursting of the boiler of the steam-engine; that the working of the steam-engine and machinery shakes and jars the adjacent houses, and particu-

larly two of the houses owned by Charles F. Durant, one of the complainants; that the business there carried on causes dense smoke, steam, and vapors, and also smells and stenches of an unwholesome, disgusting, and nauseating character, to arise and proceed from the said premises, corrupting the atmosphere, and rendering it uncomfortable to dwell in the vicinity.

The defendants, by their answer, deny all the allegations in the bill, charged as constituting their mill and machinery a nuisance.

Affidavits to a large extent have been taken on both sides —twenty witnesses have been examined by the complainants, and ten by the defendants.

Whether or not the business, as conducted by the defendants, is a nuisance, is a matter of fact to be determined by the evidence. The business itself is a lawful one, and the defendants have a right to carry it on where they please, so that they do not endanger life, or render its enjoyment uncomfortable to those who reside in its neighborhood.

The defendants deny that their mill and their business, as carried on there, are a nuisance, and they set up in their answer that the facts upon which the complainants rely to establish the allegation, have been submitted to the proper tribunal for trying issues of fact, and that the issue has been found in their favor.

The bill states the fact that the business carried on at the mill, by the defendants, is the same as was, for several years previous, conducted by Williamson, Mann & Griffith. The defendants, as part of their defence, show that Mr. Durant, one of the complainants, instituted a suit at law in the Circuit Court of the county of Hudson, against Williamson and his associates, for the purpose of abating this same nuisance of which they now complain against the defendants, as continuing. The cause has been twice tried by a jury, and at both trials, verdicts have been rendered in favor of the defendants in the suit. The cause is still before the court, on the same issue, on a motion for a rule to show cause why a new trial should not be ordered. In addition to this fact, it

appears that after he had commenced the suit at law, Mr. Durant exhibited his bill in this court for an injunction. The injunction was refused by the Chancellor, on the ground that the issue joined at law must first be tried.

Under these circumstances this court ought not to interfere. Here is a question of fact depending upon the conflicting testimony of witnesses. It has already been submitted to a tribunal to which this court ought to pay deference in cases of doubt. It is before a court of law, whose peculiar province it is to determine questions of law involved in the issue, and to guide and direct the jury to a proper result.

If the complainants' facts, as alleged in the bill, are true, I have no difficulty as to the law applicable to them. In *Rex* v. *White & Ward,* 1 *Burr.* 337, Lord Mansfield says: " It is not necessary that the smell should be unwholesome; it is enough if it renders the enjoyment of life and property uncomfortable ; " and this rule has, by modern cases, been adopted with much uniformity. *Rich* v. *Barterfield,* 2 *Carr. & Kirw.* 257 ; *Walter* v. *Selfe,* 4 *E. L. & Eq. Rep.* 15.

A man cannot destroy the comfort of another's dwelling by placing a brick or lime kiln, or distillery, so near to his premises as to annoy him by the smoke and stench. The court has frequently protected a man in such cases, in the enjoyment of his property, and will enforce the maxim—*sic utere tuo, ut alienum non lœdas.*

It was said by the complainants' counsel in argument, that the case pending in the court of law did not fairly present the issue between the parties to this suit; that in consequence of the frame of the pleadings, the most important facts are excluded from the consideration of the jury. If this is made to appear to my satisfaction, I shall feel it my duty to relieve the complainants of any such embarrassment, in having the matter fairly investigated, and will direct an issue for the purpose.

There is a feature in this case which may cause some difficulty. Several complainants have united in this bill. To this there is no objection, if the nuisance is common to all.

For instance, if it is the noxious fumes and smoke proceeding from the manufactory which are the occasion of the grievance, this grievance is a common one. But there is an injury proceeding from the use of the steam-engine which affects Mr. Durant and one other of the complainants only. Mr. Durant's two dwelling-houses are so connected by intervening walls with the building in which the machinery is worked, as to cause a perceptible jarring of the dwellings, and a rattling of the doors, windows, mantle ornaments and loose articles of furniture. But this is not a common injury to the complainants. They have no right to make a joint complaint of any injury except one common to all. Can the facts of particular injuries, confined to one or two of the complainants, be taken into the account in adjudging whether the subject complained of is, or is not, a nuisance?

In the case of *Catlen and others* v. *Valentine*, 9 *Paige Ch. R.* 575, where the bill was filed by several complainants, the nuisance complained of was a slaughter-house. The court, in their decision, went upon the ground that a slaughter-house, in a city, is *prima facie* a nuisance. The nuisance was a common one. It was not necessary to show any particular injury to private property. In this case, the business of the defendants is not *prima facie* a nuisance, though carried on in a densely populated city, unless the proposition can be maintained that the use of a steam-engine is *prima facie* a nuisance, on account of its danger to life from explosion. There may be circumstances where even the noise of a steam-engine may become a *private* nuisance, and its use, on that account, be restrained by the court. The authorities are abundant to sustain the position that an individual cannot erect, in a densely settled portion of a city or town, occupied by private dwellings, any kind of manufacturing establishment, and so use the machinery and carry on the business as to render living in the neighborhood uncomfortable, either on account of the noise it occasions, or of its smoke and offensive smells.

Where several complainants unite in a bill of this kind, the injury or grievance complained of must be common to

all. The several complainants cannot unite their distinct and individual causes of complaint, and by their combination make a case of nuisance, which separately would not establish the complaint.

The injunction is refused, but with liberty for the complainants to apply for an issue, if they see fit, as before intimated.

CITED *in Ross* v. *Butler,* 4 *C. E. Gr.* 301; *Duncan* v. *Hayes & Greenwood,* 7 *C. E. Gr.* 27.